WILL OF SCHATTSCHNEIDER: SCHATTSCHNEIDER and others, Appellants, vs. BUSHBERGER and others, Respondents.

*February 6—March 4, 1930.*

For the appellants there was a brief by *Rubin & Zabel,* attorneys, and *R. R. Stauff* and *W. B. Rubin,* of counsel, all of Milwaukee, and oral argument by *Mr. Stauff.*

For the respondents the cause was submitted on the brief of *Geo. J. Graebner* and *Wengert & Moeller,* all of Milwaukee.

CROWNHART, J. The deceased made his will November 22, 1927. He died February 7, 1928. He left surviving him his wife, divorced from bed and board, and four children,—one son and three daughters, all married and more than twenty-one years of age. The testator secured a divorce from bed and board from his wife in 1915, and the decree provided for a division of the property, the wife receiving property of the value of $5,000. After the divorce one Wilhelmine Klempen lived with testator as his housekeeper. She seems to have faithfully performed her duties as housekeeper, helped the testator with his work outside the home, and nursed him in sickness. There is some evidence to indicate that the relations of testator and his housekeeper may have been meretricious. After the divorce decree testator's wife sued his housekeeper for alienating the affections of her husband and recovered a judgment of some $800.

The will was drawn by a reputable lawyer, who testified to its due execution and that testator was competent and free from any outside influence. The estate amounts to about $15,000.

The contestants of the will are three children, all of whom had not been on friendly terms with testator's housekeeper

after testator's divorce, and who had had more or less trouble with testator.

By his will testator left about $1,500 to his housekeeper, in consideration of her services to him, and some articles besides, of small value. Testator also provided that his housekeeper might occupy his homestead during her life, or until she should marry. The homestead, subject to the interest of the housekeeper, and the balance of his estate were given to his youngest daughter, with whom his relations had always been friendly.

Contestants claim the will was the result of undue influence of the housekeeper, and that at the time of making the will testator was not of sound mind and memory.

That the housekeeper had opportunity to exercise undue influence is admitted. But the will itself is a natural will, when all the circumstances are considered. There is no evidence that the housekeeper exercised any undue influence, or that she secured anything by reason thereof. Mere opportunity to exercise undue influence falls far short of establishing undue influence. *Will of Lotwin,* 186 Wis. 42, 202 N. W. 151.

The evidence without substantial controversy shows that the testator was fully competent to make his will at the time of its execution.

The county court found that testator was competent to make the will; that he was free from undue influence, and admitted the will to probate. The order is fully justified by the evidence.

*By the Court,*—The order of the county court is affirmed.